## Commonwealth v. Stamm

*Aaron S. Swartz, 3rd,* assistant district attorney, for Commonwealth.

*Edward M. Hawes* of *Larzelere & Wright,* for defendant.

CORSON, J., May 27, 1941.—From the transcript of the record returned by the justice of the peace it would appear that on February 22, 1941, defendant was arrested while driving his automobile in Limerick Township, this county, and that at the time of the arrest defendant was violating article VIII, section 823 ($h$), of The Vehicle Code of May 1, 1929, P. L. 905, as amended. It would further appear that defendant was taken before Richard H. Cadmus, a justice of the peace of the Borough of Pottstown. According to the return of the

justice of the peace, defendant pleaded guilty and paid fine and costs in full, whereupon the justice of the peace apparently marked the case "case dismissed". Counsel for plaintiff in error contends that defendant paid the fine and costs under protest, but as we view the case it makes no serious difference whether or not the fine was merely paid or paid under protest.

On petition for an allowance of an appeal an allocatur was granted and the magistrate's record returned to this court. To this record defendant below has filed five exceptions, which, while differently worded, all raise the question of the magistrate's jurisdiction to hear the case. Exceptant contends that the magistrate's record affirmatively shows that he did not have jurisdiction of the case or at least that nothing is in the transcript to show that the magistrate did have jurisdiction under the provisions of The Vehicle Code. Section 1201 (a) of article XII of The Vehicle Code of 1929, supra, as amended by the Act of June 27, 1939, P. L. 1135, sec. 31, provides:

"Informations, charging violations of any of the summary provisions of this act, shall be brought before [a] the nearest available magistrate within the city, borough, incorporated town, or township where the alleged violation occurred: Provided, however, That where there is no substantial difference between the respective distances from the place where the alleged violation occurred to the offices of more than one magistrate, any such prosecution may be brought before any one of such magistrates, or if there is no person holding the office of magistrate in such city, borough, incorporated town, or township, then such information shall be brought before [a] such nearest available magistrate in any adjoining city, borough, incorporated town, or township. . . ."

We feel that on the state of the record the exceptions must be sustained.

The information shows that the offense was committed in Limerick Township and further shows that

defendant was taken before a justice of the peace in the Borough of Pottstown. Under section 1201(a), therefore, primary jurisdiction is placed in the nearest available magistrate in Limerick Township. It is only in the event that there is no person holding the office of magistrate in Limerick Township that jurisdiction is conferred upon the nearest available magistrate in any adjoining township or borough. If it had been shown that no person held the office of magistrate in Limerick Township defendant could have been taken before a magistrate in an adjoining township or borough. Under the case of Commonwealth v. Lafy, 34 D. & C. 564 (1939), we feel that the court may take judicial notice of the fact that Lower Pottsgrove Township lies in a direct line between Limerick Township and the Borough of Pottstown and that at no point does the Borough of Pottstown adjoin the Township of Limerick. Under the provisions of section 1201(a) jurisdiction could not possibly be conferred upon a magistrate of the Borough of Pottstown. The provisions of section 1201(a) have been held to be mandatory and the provisions of such section must be followed in order to confer jurisdiction over the subject matter upon a magistrate: Commonwealth v. Thomas, 25 D. & C. 67 (1934); Commonwealth v. Stine, 20 D. & C. 682 (1934); Commonwealth v. Beam, 20 D. & C. 321 (1934); Commonwealth v. Krall, 43 Lanc. 219 (1932).

The Commonwealth contends, however, that defendant, having submitted himself to the jurisdiction of the magistrate and pleaded guilty, thereby conferred jurisdiction on the magistrate. If that were true as a matter of fact defendant would only confer jurisdiction over his person and nothing that defendant could do could give the magistrate jurisdiction over the subject matter if such jurisdiction did not, as a matter of law, exist. From the fact that the offense and the hearing were on the same day, however, it might well be that

defendant was arrested on view and immediately taken before the magistrate for a hearing. Certainly this coud not be treated as a voluntary appearance by defendant. Since, in our opinion, the magistrate could not have had jurisdiction over the subject matter in any event, a determination of whether or not defendant voluntarily appeared is unnecessary.

Plaintiff in error cites the case of Commonwealth v. Brewer, 18 D. & C. 339 (1932), as authority for this court making an order for the return of the fine under the provisions of article XII, sec. 1204(*d*), of The Vehicle Code, as amended finally by the Act of June 29, 1937, P. L. 2329, sec. 3. This section, however, referring to a refund, provides:

"If on a *waived hearing,* or the *hearing* of an *appeal* from a summary conviction under this act before a *judge of such court,* the defendant is found not guilty, and the defendant has paid a fine, or fine and costs, following the sentence on which he appealed, such court, upon acquitting the defendant, shall decree a restitution of the said fine, or fine and costs." (Italics supplied.)

Under this section the power to decree a restitution seems to require a hearing being held by this court on a waived hearing or on an appeal and a finding by this court that defendant was not guilty of the crime charged. There being no hearing in this court as a result of a waived hearing, or upon an appeal, we feel, therefore, that we are without power to make a decree of restitution. Section 1204 of the code refers to proceedings in the quarter sessions and the present proceedings are upon a certiorari in the common pleas. We, therefore, enter the following decree:

And now, May 27, 1941, the exceptions of plaintiff in error are sustained and the action of the magistrate in imposing a fine of $10 and costs is set aside.